UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON

CASE NO.:

AJAY SURESH,

        Plaintiff,

v.

NEPARE CORP. dba CLASSIC PROPERTIES,

        Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff AJAY SURESH by and through his undersigned counsel, brings this Complaint against Defendant NEPARE CORP. dba CLASSIC PROPERTIES for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff AJAY SURESH ("Suresh") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Suresh's original copyrighted Work of authorship.

2. Suresh is an experienced, self-taught photographer, who has been capturing street and travel photographs for more than five years. He uses Olympus lenses and cameras for his work.

3. Defendant NEPARE CORP. dba CLASSIC PROPERTIES ("Nepare") is an independent real estate company that serves buyers and sellers in the Scranton, Wilkes-Barre, the Poconos, Back Mountain, Wyoming County and other areas in Pennsylvania. Nepare has over 160 real estate agents and has six offices in Pennsylvania. At all times relevant herein, Nepare owned and operated the website located at the internet URL www.classicproperties.com (the "Website").

4. Suresh alleges that Nepare copied Suresh's copyrighted Work from the internet in order to advertise, market and promote its business activities. Nepare committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the Nepare's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Nepare is subject to personal jurisdiction in Pennsylvania.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district,

Nepare engaged in infringement in this district, Nepare resides in this district, and Nepare is subject to personal jurisdiction in this district.

## DEFENDANT

9. NEPARE CORP. is a Pennsylvania Corporation that owns the fictitious name CLASSIC PROPERTIES, with its principal place of business at 201 North State Street, Clarks Summit, Pennsylvania, 18411-1057, and can be served at its main place of business.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2019, Suresh created the photograph entitled "Scranton - Downtown," which is shown below and referred to herein as the "Work".



11. Suresh registered the Work with the Register of Copyrights on January 18, 2020 as part of a group registration. The Group Registration was

assigned registration number VA 2-192-114. The Certificate of Registration is attached hereto as **Exhibit 1**.

12. Suresh makes his work available via Flickr and a Creative Commons 2.0 License.

13. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the work.

14. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

15. At all relevant times Suresh was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY NEPARE

16. Nepare has never been licensed to use the Work at issue in this action for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, Nepare copied the Work.

18. On or about March 12, 2023, Suresh discovered the unauthorized use of his Work on the Website as the header image on its "Our Agents" page.

---

[1] https://creativecommons.org/licenses/by/2.0/

19. Nepare copied Suresh's copyrighted Work without Suresh's permission.

20. After Nepare copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its real estate brokerage and sales business.

21. Nepare copied and distributed Suresh's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

22. Nepare committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

23. Suresh never gave Nepare permission or authority to copy, distribute or display the Work at issue in this case.

24. Suresh notified Nepare of the allegations set forth herein on May 28, 2024 and June 11, 2024. To date, the parties have failed to resolve this matter.

25. When Nepare copied and displayed the Work at issue in this case, Nepare removed Suresh's copyright management information from the Work.

26. When Nepare copied and displayed the Work at issue in this case, Nepare failed to provide attribution as required by the CC 2.0 license.

27. Nepare's failure to attribute is a violation of 17 U.S.C. 1202(b) as removal of copyright management information.

28. Suresh never gave Nepare permission or authority to not attribute or remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

29. Suresh incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Suresh owns a valid copyright in the Work at issue in this case.

31. Suresh registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

32. Nepare copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Suresh's authorization in violation of 17 U.S.C. § 501.

33. Nepare performed the acts alleged in the course and scope of its business activities.

34. Defendant's acts were willful.

35. Suresh has been damaged.

36. The harm caused to Suresh has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

37. Suresh incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

38. The Work at issue in this case requires attribution and contains copyright management information ("CMI")

39. Nepare knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

40. Nepare committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Suresh's rights in the Work at issue in this action protected under the Copyright Act.

41. Nepare caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Suresh's rights in the Work at issue in this action protected under the Copyright Act.

42. Suresh has been damaged.

43. The harm caused to Suresh has been irreparable.

WHEREFORE, the Plaintiff AJAY SURESH prays for judgment against the Defendant NEPARE CORP. DBA CLASSIC PROPERTIES that:

      a.      Nepare and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

      b.      Nepare be required to pay Suresh his actual damages and Defendant's profits attributable to the infringement, or, at Suresh's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

      c.      Suresh be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

      d.      Suresh be awarded pre- and post-judgment interest; and

      e.      Suresh be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Suresh hereby demands a trial by jury of all issues so triable.

Dated: January 15, 2025                Respectfully submitted,

*/s/ Joseph A. Dunne*
JOSEPH A. DUNNE
Bar Number: 325562
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010

        929.200.8446 – Telephone
        561.404.4353 – Facsimile

        *Counsel for Plaintiff Ajay Suresh*